**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **HISCOX INSURANCE COMPANY INC.**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LAKEISHA BROWN, INDIVIDUALLY AND AS OWNER OF KLUX EVENT CENTER, LLC; KLUX EVENT CENTER, LLC; BOTTLES UP LIQUORS, LLC; AND TRACY HAMILTON**<br><br>**Defendants.** | **Case No.:** 2:26-cv-04207-BHH |

**<u>HISCOX INSURANCE COMPANY INC.'S COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Hiscox Insurance Company Inc. ("Hiscox"), for its Complaint for Declaratory Judgment, alleges on knowledge, information, and belief as follows:

## <u>NATURE OF THE ACTION</u>

1. Hiscox asserts this Complaint to obtain a judicial determination and declaration pursuant to 28 U.S.C. § 2201 *et seq.*, as to the parties' rights and obligations under Commercial General Liability Insurance Policy No. P103.926.534.2 issued by Hiscox to KLUX Event Center for the policy period of

September 23, 2025 to September 23, 2026 (the "Policy"). A true and correct copy of the Policy (without the application) is attached as Exhibit 1.

2. In particular, Hiscox seeks a judicial determination that it has no duty to defend or indemnify KLUX Event Center, Lakeisha Brown, or any other insured against the claims asserted by Tracy Hamilton in the lawsuit captioned, *Tracy Hamilton v. Lakeisha Brown, individually and as owner of Klux Event Center, LLC, and Bottles Up Liquors, LLC*, Case No. 2026-CP-10-00549, now pending in the Court of Common Pleas for the Ninth Judicial Circuit, Charleston County, South Carolina (the "Underlying Action").

3. The Underlying Action seeks damages for bodily injury Tracy Hamilton allegedly sustained when he was shot by a firearm at an event held by KLUX Event Center at 7910 Dorchester Road, in Charleston County, South Carolina. The Policy contains a Firearms and Weapons Exclusion that bars coverage for any bodily injury, property damage, or personal and advertising injury based upon, arising out of, resulting from, or in connection with the use or misuse of a firearm, ammunition, or weapon, regardless of the legal theory.

4. A real, immediate, and justiciable controversy exists between the parties relating to their respective rights, duties, and obligations under the Policy and will continue to exist until it is resolved by this Court.

## PARTIES

5. Plaintiff Hiscox is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located in Chicago, Illinois. Therefore, Hiscox is a citizen of Illinois.

6. Upon information and belief, Defendant Lakeisha Brown ("Ms. Brown"), who is named individually and as the sole member of KLUX Event Center, LLC, is a citizen and resident of Charleston County, South Carolina.

7. Defendant KLUX Event Center, LLC ("KLUX") is a limited liability company organized and existing under the laws of the State of South Carolina. Ms. Brown is KLUX's sole member and is a citizen of South Carolina. Accordingly, KLUX is a citizen of South Carolina.

8. Defendant Bottles Up Liquors, LLC ("Bottles Up") is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business in South Carolina. Ms. Brown is Bottles Up's sole member and is a citizen of South Carolina. Accordingly, Bottles Up is a citizen of South Carolina.

9. Defendant Tracy Hamilton ("Mr. Hamilton") is a citizen and resident of Charleston County, South Carolina. Mr. Hamilton is the plaintiff in the Underlying Action and is named as a defendant in this action to the extent he claims an interest in coverage under the Policy in connection with the

Underlying Action.

## JURISDICTION AND VENUE

10. This lawsuit is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining a question of actual controversy between the parties as described more fully below.

11. This action currently is ripe for adjudication.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District, and KLUX maintains its principal place of business in this District.

## FACTUAL ALLEGATIONS

### A. The Policy

14. Hiscox issued Commercial General Liability Insurance Policy No. P103.926.534.2 to KLUX for the policy period of September 23, 2025 to September 23, 2026. *See* Policy, Declarations.

15. The Policy has a $1 million Each Occurrence Limit and a $2 million General Aggregate Limit. *See id.*

16. The Policy's Coverage A, Bodily Injury and Property Damage Liability, Insuring Agreement provides that Hiscox:

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Hiscox] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [Hiscox] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Policy, Section I.1.a.

17. The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Policy, Section V.3.

18. The Policy defines "suit," in pertinent part, as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies are alleged." Policy, Section V.18.

19. The Policy contains an endorsement titled "Exclusion – Firearms and Weapons" (the "Firearms Exclusion"). The Firearms Exclusion amends the exclusions under Coverage A – Bodily Injury and Property Damage Liability and Coverage B – Personal and Advertising Injury Liability and provides that:

> This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" based upon, arising out of, resulting from, or in connection with any of the following acts or omissions, regardless of their sequence or any concurring cause:
>
> (1) The ownership, rental, use, threatened use or misuse, handling, design, manufacture, distribution, sale, transport, receipt, maintenance, repair, disposal, storage, or advertising of any "firearm", "ammunition", or "weapon" by you, any insured, or any other person or legal entity;
>
> (2) The failure to provide an environment safe from the use or misuse of a "firearm", "ammunition", or "weapon", including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment by you, any insured, or any other person or legal entity;
>
> (3) The rendering or failure to render or secure treatment or care necessitated by anyone injured by a "firearm", "ammunition", or

"weapon" by you, any insured, or any other person or legal entity;

(4) The failure, or delay, to report to proper authorities, investigate any incident, preserve any evidence, or otherwise fail to respond properly or timely to any "occurrence" involving a "firearm", "ammunition", or "weapon" by you, any insured, or any other person or legal entity; or

(5) The failure to prevent or suppress the use or misuse of any "firearm", "ammunition", or "weapon" by you, any insured, or any other person or legal entity.

B. This exclusion will apply to any claim alleging in whole or in part the foregoing:

(1) Regardless of whether an act or omission is on premises owned or occupied by an insured, or owned or occupied by any other person or entity;

(2) Regardless of the intent or degree of culpability of any insured, or of any other person or entity; or

(3) Regardless of the legal theory of liability or damages, including but not limited to vicarious liability, violation of any law or statute, criminal act, intentional act, or negligence, and including but not limited to causes of action based on hiring, supervision,

> retention, training, instructing, advising, monitoring, providing security, or implementing procedures and protocols.

Policy, Section I.2., as amended by Endorsement No. 22.

20. The Firearms Exclusion defines "firearm," "ammunition," and "weapon" as follows:

> "Firearm" means any pistol, rifle, gun, or other device capable of expelling or propelling one or more projectile by the action of an explosive, combustible propellant, or compressed air.
>
> "Ammunition" means cartridges or cartridge cases, primers (igniter), bullets, or propellant powder designed for use in any firearm, rifle, or shotgun and include but are not limited to tear gas cartridges; chemical mace; or any device or instrument which contains or emits a liquid, gas powder, or any other substance designed to incapacitate.
>
> "Weapon" means any instrument of an offensive or defensive nature, whether or not such instrument was originally intended, created or designed for such use, and include but are not limited to batons, bow or crossbow, arrows, knives, mace, stun guns, or swords.

Policy, Section V, as amended by Endorsement No. 22.

**B. The Underlying Action**

21. On February 2, 2026, Mr. Hamilton filed the lawsuit captioned,

*Tracy Hamilton v. Lakeisha Brown, individually and as owner of Klux Event Center, LLC, and Bottles Up Liquors, LLC* in the Court of Common Pleas for the Ninth Judicial Circuit for the State of South Carolina, County of Charleston, Case No. 2026-CP-10-00549. A true and correct copy of the complaint in the Underlying Action is attached as Exhibit 2.

22. The Underlying Action alleges that on or about November 1, 2025, the defendants hosted a "Halloween After Hours Edition" event held at 7910 Dorchester Road, Charleston County, South Carolina.

23. The Underlying Action alleges that the defendants "allowed their agents and/or employees, to carry loaded pistols, rifles, and assault weapons, while providing security services for the Event[,]" and that "agents and/or employees of Defendants, suddenly and without warning, fired weapons numerous times[,]" and that "Plaintiff was shot, causing Plaintiff to sustain bodily injuries and disfigurement."

24. The Underlying Action alleges that the defendants were negligent, reckless, wanton, careless, and grossly negligent in failing to provide adequate security; allowing their agents and/or employees to carry loaded pistols, rifles, and assault weapons without proper training or licensing; failing to properly hire, train, supervise, and retain those agents and/or employees; and otherwise failing to protect Mr. Hamilton from the discharge of firearms at the event.

25. Each cause of action and category of damages asserted in the Underlying Action is based upon, arises out of, results from, or is in connection with the alleged use or misuse of a firearm and/or the failure to provide an environment safe from the use or misuse of a firearm, including the failure to provide adequate security.

**C. Requests for Coverage and Hiscox's Coverage Positions**

26. On December 4, 2025, Mr. Hamilton's counsel notified Hiscox of a claim arising out of the November 1, 2025 incident, which was assigned Hiscox claim number 100.268.809A.

27. By letter dated December 12, 2025, Hiscox advised KLUX of its coverage position with respect to the November 1, 2025 incident under Hiscox claim number 100.268.809A, explaining that the Policy's Firearms Exclusion applied to the incident and that, as a result, no coverage was available under the Policy. A true and correct copy of Hiscox's December 12, 2025 coverage correspondence is attached as Exhibit 3.

28. On that same day, Hiscox advised Mr. Hamilton's counsel that Hiscox would not be providing coverage to KLUX with respect to the November 1, 2025 incident.

29. The Underlying Action was filed by Mr. Hamilton on February 2, 2026.

30. KLUX was served with a copy of the summons and complaint in the Underlying Action on or around February 4, 2026.

31. On March 4, 2026, Ms. Brown, on behalf of KLUX, tendered a copy of the complaint in the Underlying Action to Hiscox under a separate claim submission. In response to this new claim submission, the matter was assigned Hiscox claim number 100.273.640A.

32. On March 26, 2026, Hiscox again advised KLUX of its coverage position with respect to the November 1, 2025 incident and the Underlying Action, explaining that the Policy's Firearms Exclusion applied to the Underlying Action and that, as a result, no coverage was available under the Policy. Hiscox also advised KLUX to retain independent counsel to protect its interests in the Underlying Action. A true and correct copy of Hiscox's March 25, 2026 coverage correspondence, transmitted to KLUX on March 26, 2026, is attached as Exhibit 4.

33. An order of default was entered against KLUX in the Underlying Action on March 27, 2026, and the court held a damages hearing on September 10, 2026.

## COUNT I

## For a Declaration That There Is No Coverage Under the Policy for the Underlying Action Because the Firearms Exclusion Bars Coverage

34. Hiscox realleges and incorporates by reference the foregoing allegations in this Complaint.

35. The Policy's Firearms Exclusion bars coverage for any "bodily injury," "property damage," or "personal and advertising injury" based upon, arising out of, resulting from, or in connection with the use, misuse, or handling of a "firearm," "ammunition," or "weapon," or the failure to provide an environment safe from the use or misuse of a "firearm," "ammunition," or "weapon," including but not limited to the failure to provide adequate security.

36. The Underlying Action seeks damages for "bodily injury" allegedly sustained by Mr. Hamilton when he was shot by a "firearm," and each cause of action in the Underlying Action arises out of, results from, or is in connection with the use, misuse, or handling of a "firearm," "ammunition," or "weapon," and/or from the failure to provide an environment safe from the use or misuse of a "firearm," including the failure to provide adequate security.

37. Therefore, the Firearms Exclusion bars coverage under the Policy for the Underlying Action.

38. Accordingly, Hiscox is entitled to a declaration that it has no duty to defend or indemnify KLUX, Ms. Brown, or any other insured in connection with the Underlying Action under the Policy.

**WHEREFORE**, Hiscox respectfully requests the Court:

(A) Declare and enter judgment that Hiscox has no duty to defend or indemnify KLUX, Ms. Brown, or any other insured in connection with the Underlying Action under the Policy because the Firearms Exclusion bars coverage for the Underlying Action; and

(B) Award Hiscox any and all other relief to which it may be entitled.

**Reservation**

Other terms, conditions and limitations of the Policy may operate to bar or limit coverage for some or all of the amounts for which Defendants seek coverage. Hiscox reserves the right to raise additional terms, conditions and limitations as defenses to coverage as appropriate, including the right to amend the Complaint.

Dated: September 23, 2026

*s/Jay R. Lee*_____________
Jay R. Lee
AIKEN, BRIDGES, ELLIOTT,
TYLER & SALEEBY, P.A.
181 E. Evans St., Suite 409
Florence, SC 29506
Telephone: 843-669-8787

Leland H. Jones IV (pro hac vice to be submitted)
LAVIN RINDNER DUFFIELD LLC
4500 East West Highway, Suite 150
Bethesda, MD 20814
(912) 266-8300
ljones@lrd.law